DANA ALBRECHT,                              )
                                            )
            Plaintiff                       )
      v.                                    )    Civil No. _____
                                            )
CITY OF NEWBURYPORT,                        )
                                            )
NEWBURYPORT POLICE DEPARTMENT,              )
                                            )
LT. RICHARD J. SIEMASKO, solely in his      )
official capacity as the records access officer )
of the Newburyport Police Deparment and     )
his successors in office,                    )
                                            )
            Defendants.                       )

---

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
## DECLARATORY AND INJUNCTIVE RELIEF

---

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................2

INTRODUCTION......................................................................4

PARTIES............................................................................4

JURISDICTION AND VENUE.........................................................5

FACTS PLEAD.......................................................................5

    I. Background.....................................................................5

    II. The Massachusetts POST Commission.....................................6

    III. Officer Patrick Szymkowski................................................6

        Excessive and Improper Use of Force with Verbal Threats to Kill Detainees....6

        Gross Violation of Department Policy – Dissemination of Official Information 7

        Violation of Domestic Violence & Criminal Harassment Policy (VWA-2).........8

        May 30, 2018 – Ofc. Szymkowski's First Retaliatory Filing for a Civil Protective Order Against Destinie Berard.................................................9

        June 6, 2018 – Disciplinary Action for Prior Unauthorized Dissemination of Confidential Information......................................................10

        June 13, 2018 – Ofc. Szymkowski's Second Retaliatory Filing for a Civil Protective Order Against Destinie Berard..............................................12

        June 18-19, 2018 – Ofc. Szymkowski's Suspension Without Pay...............12

        July 11, 2018 – New Hampshire Circuit Court Hearing...........................13

        Summary.....................................................................14

    IV. Plaintiff's Public Records Request to Defendants...........................14

MATTERS OF LAW PLEAD COMMON TO ALL COUNTS...............................16

CAUSES OF ACTION...............................................................18

    COUNT ONE – Violation of the First Amendment..........................18

    COUNT TWO – Violation of the First Amendment..........................18

    COUNT THREE – Violation of the Fourteenth Amendment..................19

    COUNT IV – VIOLATION OF 42 U.S.C. § 1983 (Municipal Liability – Monell Claim)...........................................................................20

    COUNT V – Violation of Mass. Gen. Laws ch. 66, § 10......................21

JURY TRIAL DEMAND.............................................................22

PRAYER FOR RELIEF..............................................................23

## INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against the City of Newburyport, the Newburyport Police Department, and Senior Lieutenant Richard J. Siemasko, Esq., for violating the First and Fourteenth Amendments to the U.S. Constitution.

2. Defendants have unlawfully chilled Plaintiff's constitutionally protected right to seek public records under Massachusetts law by issuing a retaliatory and baseless threat of criminal prosecution, falsely suggesting that Plaintiff's lawful request for a police report might constitute a violation of a restraining order.

3. Plaintiff seeks:

   • A declaration that Defendants' conduct was unconstitutional.

   • An injunction prohibiting Defendants from issuing similar retaliatory threats against public records requesters.

   • The production of Newburyport Police Report 22-77-AR to Plaintiff.

   • Reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

## PARTIES

4. Plaintiff Dana Albrecht is a resident of Nashua, New Hampshire and a member of the public who lawfully sought records under Mass. Gen. Laws ch. 66, § 10.

5. Defendant City of Newburyport is a municipal corporation in Massachusetts and is responsible for the actions of the Newburyport Police Department.

6. Defendant Newburyport Police Department is a municipal law enforcement agency within Newburyport, Massachusetts, and an instrumentality of the City of Newburyport.

7. Defendant Senior Lieutenant Richard J. Siemasko, Esq. is a police officer employed by the Newburyport Police Department. At all times relevant, he was acting under color of state law and in his official capacity.

## JURISDICTION AND VENUE

8. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9. Declaratory relief is authorized by 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

10. Defendants are located within the Commonwealth of Massachusetts and/or perform official duties within the Commonwealth of Massachusetts. This Court, accordingly, has personal jurisdiction over the Defendants.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Newburyport, Massachusetts, which is within the jurisdiction of this Court.

## FACTS PLEAD

### I. Background

12. Plaintiff has filed numerous public records requests with various agencies[1] seeking information about police misconduct by Salisbury Police Officer Patrick Szymkowski.

13. Plaintiff's public records requests are lawful and seek transparency regarding law enforcement conduct.

14. As part of these efforts, Plaintiff submitted a public records request to the Newburyport Police Department under the Massachusetts Public Records Law (Mass. Gen. Laws ch. 66, § 10).

---

1   Other municipalities, such as the Town of Salisbury, Massachusetts and Hampton, New Hampshire, have provided numerous responsive records about Ofc. Szymkowski to Plaintiff pursuant to Mass. Gen. Laws ch. 66, § 10; N.H. Const. Pt. I, Art. 8; and NH Rev Stat § 91-A.

15. Defendant Senior Lieutenant Richard J. Siemasko is the records access officer for the Newburyport Police Department pursuant to Mass. Gen. Laws ch. 66, § 10(6A).

## II. The Massachusetts POST Commission

16. The Massachusetts POST Commission was established under Chapter 253 of the Acts of 2020, titled *An Act Relative to Justice, Equity and Accountability in Law Enforcement in the Commonwealth*, codified in part at Mass. Gen. Laws ch. 6E. The POST Commission serves as the statewide law enforcement licensing and disciplinary authority, responsible for certifying police officers and maintaining records of sustained misconduct allegations.

17. The Commonwealth of Massachusetts exercises jurisdiction over all law enforcement officers employed within its borders, including officers of municipal police departments. The POST Commission database is an official government record documenting sustained disciplinary actions against Massachusetts law enforcement officers, publicly available pursuant to the statutory transparency requirements of Mass. Gen. Laws ch. 6E, § 10.

## III. Officer Patrick Szymkowski

### Excessive and Improper Use of Force with Verbal Threats to Kill Detainees

18. Since 2012, Massachusetts Police Officer Patrick Szymkowski has shown a disturbing disregard for appropriate use of force.

19. On June 9, 2012, Ofc. Szymkowski escalated a routine arrest by choking Mr. Bruce Brown, who was restrained and posed no physical threat.[2]

20. Ofc. Szymkowski applied an unauthorized neck hold, pressing Brown against a wall under the pretense of preventing spitting – despite admitting he had observed neither spitting nor a credible threat.

21. Ofc. Szymkowski further threatened Brown by stating to him "shut up, or I'm going to kill you."

---

2  Cf. *Commonwealth v. Bruce Brown*, No. 1222CR000988 (Mass. Dist. Ct. Newburyport filed June 11, 2012).

22. Ofc. Szymkowski's choke hold left visible bruises on Brown's neck.

23. Brown was taken to Anna Jaques Hospital for evaluation of injuries sustained as a result of Ofc. Szymkowski's rough handling.

24. Detective Lieutenant Dana J. Pagley of the Internal Affairs Section of the Massachusetts State Police was assigned to conduct an an internal affairs investigation (#12-0037).

25. The investigation resulted in a **sustained complaint** of improper use of force by Ofc. Szymkowski .

26. The Massachusetts Peace Officer Standards and Training (POST) Commission's Law Enforcement Officer Disciplinary Records database (POST Case No. A-00004032) indicates that on June 18, 2012, in Salisbury Police Department Internal Affairs case IA-2-2012, Officer Patrick Szymkowski received a disciplinary sanction of loss of time off for "Use of excessive, non-deadly force."

### Gross Violation of Department Policy – Dissemination of Official Information

27. In 2014, Ofc. Szymkowski disclosed photographs of one or more individuals[3] arrested by the Salisbury Police Department to an outside civilian without authorization to do so.

28. The Salisbury Police Department later determined (in 2018)[4] that the unauthorized disclosure constituted a "**gross violation of department policy**," specifically violating the **Department Code of Conduct and Responsibility Policy (DISC-1)**, including but not limited to a violation of **Section G, Public Statements, Subsection 4: Dissemination of Official Information.**

29. The policy states:

    (a) **Subsection (a):** *Employees shall treat as confidential that information which is confided to them personally in the course of their official*

---

3  Cf. *Commonwealth v. Anna Chikosi*, No. 1422CR002032 (Mass. Dist. Ct. Newburyport filed Dec. 17, 2014)

4  *See* ¶¶45-53, *infra*.

*duties. They shall disclose such information only as required in the proper performance of their duties.*

(b) **Subsection (b):** *Employees shall neither disclose nor use for their personal interest any confidential information acquired by them in the course of their official duties.*

(c) **Subsection (c):** *Employees shall treat as confidential all matters relating to investigations, internal affairs, and personnel.*

30. The Salisbury Police Department further determined that these charges against Officer Szymkowski were **sustained and supported by sufficient evidence.**

### Violation of Domestic Violence & Criminal Harassment Policy (VWA-2).

31. On or about **June 30, 2016,** it came to the attention of Salisbury Police Chief Thomas Fowler that Ofc. Szymkowski had engaged in conduct that resulted in a civilian, Destinie Berard, seeking guidance from the Georgetown Police Department regarding her options for obtaining a restraining order against him.

32. The matter was investigated, and on or about **June 30, 2016,** Lieutenant Anthony King[5] (then employed by the Salisbury Police Department) conducted a formal verbal counseling session with Ofc. Szymkowski. During this session, Ofc. Szymkowski assured department leadership that he would conduct himself in a more ethical manner both on and off duty.

33. On or about **April 13, 2018,** Destinie Berard again sought guidance from the Georgetown Police Department about obtaining a restraining order against Ofc. Szymkowski.

34. Upon learning of this development, Chief Fowler initiated a further internal investigation, which revealed that Ofc. Szymkowski failed to report that he was the subject of a police inquiry in Georgetown.

35. Chief Fowler concluded that Ofc. Szymkowski violated the **Department's Rules of Conduct Policy (DISC-1)** and violated the **Department's Domestic Violence & Criminal Harassment Policy (VWA-2).**

---

5    Anthony King presently serves as Chief of Police for the Town of Stratham, New Hampshire.

36. The Salisbury Police Department found that these violations were **supported by sufficient evidence,** and disciplinary action was imposed.

37. The Massachusetts Peace Officer Standards and Training (POST) Commission's Law Enforcement Officer Disciplinary Records database (POST Case No. A-00004033) indicates that on **April 17, 2018,** in Salisbury Police Department Internal Affairs case IA-4-2018, Officer Patrick Szymkowski was found to have committed a sustained violation of department policy and was suspended without pay for one (1) to five (5) days for **"Other Misconduct / Conduct Unbecoming."**

38. On **May 29, 2018,** Officer Szymkowski met with Salisbury Police Chief Thomas Fowler and Lieutenant Anthony King in a disciplinary hearing. Ofc. Szymkowski was offered and accepted the following resolution:

    (a) A two-day suspension from duty, which would be held in abeyance for two (2) years;

    (b) A requirement that he conduct himself in a manner that reflects most favorably on the department;

    (c) A final warning that any future violations of these same policies could result in termination of his employment with the Town of Salisbury.

39. It was further agreed that if Ofc. Szymkowski committed no further violations within two years, the two-day suspension would be reduced to a written reprimand.

## May 30, 2018 – Ofc. Szymkowski's First Retaliatory Filing for a Civil Protective Order Against Destinie Berard

40. On **May 30, 2018,** the day immediately after accepting this resolution, Ofc. Szymkowski then filed for a civil order of protection under N.H. Rev. Stat. Ann. § 173-B (2014) against Destinie Berard in the New Hampshire Circuit Court, 10th Circuit – Family Division – Brentwood.[6]

---

6   *See Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00078 (N.H. 10th Cir. Fam. Div. Brentwood filed May 30, 2018).

41. Ofc. Szymkowski stated on his sworn petition to the New Hampshire court[7] that "I have suffered the following financial losses as a result of the abuse: **pending suspension at work,**" and that "**I seek this petition under guidance and awareness of my Chief of Police Thomas Fowler and Executive Officer Anthony King.**"

42. The timing and content of Ofc. Szymkowski's sworn petition suggest a retaliatory intent, rather than a good-faith claim for protection, as the filing was made immediately after his disciplinary resolution and explicitly referenced his pending suspension.

43. By seeking judicial intervention in New Hampshire under the pretense of alleged financial harm resulting from his own sustained policy violations in Massachusetts, Ofc. Szymkowski's sworn statements misrepresented the circumstances surrounding his discipline, improperly shifting the blame away from his own behavior to Destinie Berard for his workplace suspension.

44. After the New Hampshire court did not issue any temporary orders on **May 30, 2018,** Ofc. Szymkowski then withdrew his request for a New Hampshire protective order.[8]

### June 6, 2018 – Disciplinary Action for Prior Unauthorized Dissemination of Confidential Information

45. On **May 30, 2018,** Chief Thomas Fowler received an email containing: (a) three (3) Salisbury Police Department mugshots; and (b) a photograph of evidence seized in a civil marijuana case.

46. The sender of the May 30, 2018 email indicated that these photos had been sent to her by Ofc. Szymkowski in late 2014.

47. On **June 5, 2018,** Chief Fowler convened a second disciplinary meeting with Officer Szymkowski and Lieutenant Anthony King to discuss these newly discovered violations.

48. During this meeting, Ofc. Szymkowski admitted to sending the photos, acknowledged that it was extremely poor judgment, and assured department

---

7   *Id.*

8   *Id.*

leadership that he had not sent any additional confidential photos to civilians.

49. Ofc. Szymkowski later stated in a second attempt to obtain a civil order of protection under N.H. Rev. Stat. Ann. § 173-B (2014) against Destinie Berard[9] on a second sworn petition that **on June 5, 2018** that "[Chief Thomas Fowler] and [Lt. Anthony King] had been advised of all contacts made to me by [Destinie Berard], including Q5 [i.e. suicidal ideation] threats. Decision was made that I contact her via work business line to say 'goodbye.'"

50. On **June 6, 2018,** Salisbury Police Chief Thomas Fowler issued a second disciplinary letter to Ofc. Szymkowski.

51. Chief Thomas Fowler stated in the **June 6, 2018** letter that Ofc. Szymkowski specifically violated the **Department Code of Conduct and Responsibility Policy (DISC-1),** including but not limited to a violation of **Section G, Public Statements, Subsection 4: Dissemination of Official Information.**

52. The policy states:

    (a) **Subsection (a):** *Employees shall treat as confidential that information which is confided to them personally in the course of their official duties. They shall disclose such information only as required in the proper performance of their duties.*

    (b) **Subsection (b):** *Employees shall neither disclose nor use for their personal interest any confidential information acquired by them in the course of their official duties.*

    (c) **Subsection (c):** *Employees shall treat as confidential all matters relating to investigations, internal affairs, and personnel.*

53. The Salisbury Police Department further determined that these charges against Ofc. Szymkowski were **sustained and supported by sufficient evidence.**[10]

---

9   *See Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00084 (N.H. 10th Cir. Fam. Div. Brentwood filed June 13, 2018).

10  *See* ¶¶27-30, *supra.*

## June 13, 2018 – Ofc. Szymkowski's Second Retaliatory Filing for a Civil Protective Order Against Destinie Berard

54. On June 13, 2018, Ofc. Szymkowski made a second attempt to obtain a civil order of protection under N.H. Rev. Stat. Ann. § 173-B (2014) against Destinie Berard in the New Hampshire Circuit Court.[11]

55. On June 13, 2018, the New Hampshire Circuit Court declined to enter any temporary orders of protection, instead ordering that "a hearing shall be scheduled to consider the evidence from both [emphasis added] parties regarding any violation of RSA 173-B by the defendant."

56. The timing and content of Ofc. Szymkowski's second sworn petition also suggest a retaliatory intent, rather than a good-faith claim for protection, as the second filing was made shortly after his second disciplinary resolution and also misrepresented the circumstances of his June 5, 2018 meeting with Chief Thomas Fowler and Lt. Anthony King.

## June 18-19, 2018 – Ofc. Szymkowski's Suspension Without Pay

57. As a direct result of Ofc. Szymkowski's multiple violations of department policy, and in accordance with the previously signed May 30, 2018, resolution agreement, **Ofc. Szymkowski was suspended without pay for two (2) days, from June 18, 2018, to June 19, 2018.**

58. During this suspension period, Ofc. Szymkowski was prohibited from acting as a police officer in any capacity and was explicitly ineligible for overtime or detail work.

59. In his June 6, 2018, disciplinary letter, Chief Fowler explicitly warned Ofc. Szymkowski that:

    (a) Any future violations of the same policies could result in immediate termination of his employment with the Town of Salisbury; and

    (b) Any additional infractions of department rules and regulations would result in further disciplinary action, up to and including additional unpaid suspensions or termination.

---

11 *See Patrick Szymkowski v. Destinie Berard*, No. 618-2018-DV-00084 (N.H. 10th Cir. Fam. Div. Brentwood filed June 13, 2018).

60. A copy of the June 6, 2018, disciplinary letter was placed in Ofc. Szymkowski's permanent personnel file.

### July 11, 2018 – New Hampshire Circuit Court Hearing

61. Massachusetts state courts have observed that state domestic violence statutes can be used "as a weapon in circumstances of reciprocal hostility" between parties in family law proceedings. *Szymkowski v. Szymkowski*, 57 Mass. App. Ct. 284, 287 (2003).

62. The Fifth Circuit Court of Appeals has observed that "anyone who is willing to commit perjury can spend months or even years ... planning to file a domestic violence complaint at an opportune moment in order to gain the upper hand in a [family law] proceeding. So a plaintiff willing to exaggerate past incidents or even commit perjury can have access to a responsive support group, a sympathetic court, and a litany of immediate relief." *United States v. Rahimi*, 61 F. 4th 443,465 (5th Cir. 2023) (cleaned up) (abrogated on unrelated grounds by *United States v. Rahimi*, 144 S. Ct. 1889 (2024)).

63. During the July 11, 2018, New Hampshire Circuit Court hearing, Ofc. Szymkowski testified under oath that "I became subject to an Internal Affairs investigation, which I was cleared within eight hours and back to work, without issue. I have emails to support that from my lieutenant as well."

64. During the July 11, 2018, New Hampshire Circuit Court hearing:

    (a) Ofc. Szymkowski made a false statement under oath.

    (b) Ofc. Szymkowski made the false statement willfully and knowingly.

    (c) Ofc. Szymkowski was aware his statement was false at the time it was made. He was <u>not</u> "cleared within eight hours and back to work, without issue." Rather, he was suspended without pay for two (2) days as a result of his own misconduct.

    (d) Ofc. Szymkowsk's statement was material to the proceeding, with the potential to influence its outcome.

    (e) Ofc. Szymkowsk's statement was made within the jurisdiction of a New Hampshire court proceeding.

65. Accordingly, Ofc. Szymkowsk's testimony constituted perjury under N.H. Rev. Stat. Ann. § 641:1. *See* N.H. Rev. Stat. Ann. § 641:1; *cf.* Mass. Gen. Laws ch. 268, § 1; 18 U.S.C. §§ 1621, 1623. *See also State v. Bisbee*, 69 A.3d 95 (N.H. 2013); *State v. Ruggiero*, 35 A.3d 616 (N.H. 2011) (interpreting N.H. Rev. Stat. Ann. § 641:1); *Commonwealth v. Lewin*, 405 Mass. 566, 542 N.E.2d 265 (1989) (construing Mass. Gen. Laws ch. 268, § 1); *Dunn v. United States*, 442 U.S. 100 (1979) (analyzing 18 U.S.C. §§ 1621, 1623).

### Summary

66. Plaintiff repeats and re-alleges ¶¶16-65 above.

67. Ofc. Patrick Szymkowski has engaged in a sustained pattern of misconduct, including excessive force, unauthorized dissemination of confidential information, and violations of domestic violence reporting policies, as confirmed by multiple internal affairs investigations and the Massachusetts POST Commission disciplinary records. Despite repeated counseling and disciplinary actions – including suspensions without pay – he continued to engage in improper conduct, demonstrating a disregard for department policies and professional ethics.

68. In 2018, after receiving disciplinary sanctions, Ofc. Szymkowski retaliated against Destinie Berard by filing multiple petitions for civil protective orders in New Hampshire, falsely shifting blame for his work suspension to her actions rather than his own misconduct. During a July 11, 2018, court hearing, he knowingly provided false testimony under oath regarding his disciplinary history, constituting perjury under New Hampshire law. Despite these violations, he remained employed as a police officer and retained his law enforcement certification.

## IV. Plaintiff's Public Records Request to Defendants

69. Plaintiff repeats and re-alleges ¶¶12-68 above.

70. On July 11, 2024, Plaintiff submitted a lawful public records request to the Newburyport Police Department seeking copies of various records relating to Ofc. Patrick Szymkowski.[12]

---

12 *See* Exhibit 1.

71. On July 30, 2024, Plaintiff sent an additional email to Defendant Siemasko stating "Since I filed my original request, I now believe that the responsive records I originally asked for would include (but not be limited to) Newburyport Police Report 22-77-AR, should you require any further assistance in finding the responsive records more quickly."[13]

72. On August 6, 2024, Defendant Siemasko, acting in his official capacity as Senior Lieutenant of the Newburyport Police Department and its records officer, issued a written response via email stating that Plaintiff's request was denied because the requested report allegedly fell within certain statutory exemptions.[14]

73. Defendant Siemasko further issued a baseless and retaliatory threat, warning Plaintiff that if Plaintiff was acting on behalf of the defendant in a criminal or civil case, then Plaintiff's request for the report could constitute a third-party contact violation of a restraining order and could result in criminal liability.[15]

74. At no point did Defendant Siemasko offer any factual basis for believing that Plaintiff was acting on behalf of any party in violation of a restraining order.

75. The mere act of requesting public records does not constitute unlawful contact with a victim under Massachusetts restraining order laws.

76. The threat of criminal prosecution was a baseless attempt to deter Plaintiff from exercising his First Amendment right to free speech and right to petition the government for information.

77. Defendants' threat of criminal prosecution for engaging in lawful, constitutionally protected activity violates the First and Fourteenth Amendments to the U.S. Constitution.

---

13 *See* Exhibit 2.
14 *See* Exhibit 3.
15 *Id.*

**MATTERS OF LAW PLEAD COMMON TO ALL COUNTS**

78. Plaintiff repeats and re-alleges ¶¶1-77 above.

79. Generally speaking, to prevail on a First Amendment retaliation claim, a plaintiff must prove: "(1) he or she engaged in constitutionally protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action." *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 43 (1st Cir. 2012).

80. Even in cases where there is a retaliatory arrest claim involving an actual arrest, the existence of probable cause is not fatal when a plaintiff is arrested in "circumstances where officers have probable cause to make arrests but typically exercise their discretion not to do so." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019). A plaintiff may even succeed on a retaliatory arrest claim despite probable cause if he or she "presents objective evidence that he [or she] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407. The rationale is that "an unyielding requirement to show the absence of probable cause could pose 'a risk that some [decision makers] may exploit the arrest power as a means of suppressing speech.'" *Id.* at 406.

81. More recently, our United States Supreme Court has explained that a plaintiff is not required to present evidence of "virtually identical and identifiable comparators" who "mishandled a government petition in the same way ... but were not arrested." *Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024).

82. "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves* at 398-99.

83. To succeed on a retaliation claim, a plaintiff need not prove that the alleged retaliation subjectively chilled him from engaging in conduct protected by the First Amendment. *Grossman v. Martin*, 566 F. Supp. 3d 136, 145 (D.R.I.

2021). Rather, he need only show (1) that he engaged in protected conduct, (2) the defendant took an adverse action against him, (3) his protected conduct was a substantial or motivating factor for the adverse action, and, (4) if the claim is for retaliatory arrest, that his arrest was not supported by probable cause (unless the <u>Nieves</u> exception applies). *Elizabeth B., 675 F.3d at 43; Nieves, 587 U.S. at 401, 406-07*. "Regarding the second element, an adverse action in a First Amendment case is one that 'viewed <u>objectively</u> would have a chilling effect on the plaintiff's exercise of First Amendment rights,' or that 'would deter a reasonably hardy person from exercising his or her constitutional rights.'" *Pollack v. Reg. Sch. Unit 75, 12 F. Supp. 3d 173, 188 (D. Me. 2014)* (emphasis added; citation, brackets and ellipsis omitted) (quoting *Barton v. Clancy, 632 F.3d 9, 29 & n.19 (1st Cir. 2011)*, and *Elizabeth B., 675 F.3d at 43 n.11*). "Actual deterrence need not be shown." *Grossman, 566 F. Supp. 3d at 145* (emphasis omitted) (quoting *Hill v. Lappin, 630 F.3d 468, 472 (6th Cir. 2010)*).

84. For records to be exempt from disclosure under Mass. Gen. Laws ch. 4, § 7(26)(a); ch. 41, § 97D they must constitute a report of abuse as defined by Mass. Gen. Laws ch. 209A, § 1. Prior to September 18, 2024, "Abuse" is defined as the occurrence of one or more of the following acts between family or household members: (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress.

85. In addition, "booking photographs and ... police incident reports [are] not exempt from disclosure under the privacy exemption to the [Massachusetts] public records law, given that the subjects of the requested records [are] public officials and the public interests in disclosure substantially outweigh[] the diminished privacy interests that public officials have." *Boston Globe Media Partners, LLC v. Department of Criminal Justice Info. Servs., 484 Mass. 279, 282 (2020)*.

86. Documents relating to alleged misconduct by police officers are public records. *GateHouse Media, LLC v. City of Worcester, No. 22-P-282 (Mass. App. Ct. Jan. 11, 2023)*.

## CAUSES OF ACTION

### COUNT ONE – Violation of the First Amendment

*(Free Speech – Retaliation for Protected Expression)*

87. Plaintiff repeats and re-alleges paragraphs 1 through 86 above.

88. The First Amendment protects individuals from government retaliation for engaging in protected speech.

89. Plaintiff engaged in constitutionally protected speech by submitting a lawful public records request under the Massachusetts Public Records Law (Mass. Gen. Laws ch. 66, § 10).

90. Defendant Siemasko, acting under color of state law, retaliated against Plaintiff by issuing a threat of criminal prosecution for merely requesting a public document.

91. The threat of arrest or prosecution for engaging in speech protected under state law constitutes an adverse action designed to chill protected expression.

92. Defendants had no legitimate law enforcement interest in issuing the threat, as a public records request does not and cannot constitute "third-party contact" with a victim under Massachusetts restraining order laws.

93. As a direct and proximate result of Defendants' unlawful actions, Plaintiff's ability to engage in further protected activity – such as filing additional records requests or speaking about government misconduct – has been chilled.

94. Defendants' conduct violated Plaintiff's First Amendment right to free speech.

### COUNT TWO – Violation of the First Amendment

*(Right to Petition the Government for Redress of Grievances – Retaliation for Public Records Request)*

95. Plaintiff repeats and re-alleges paragraphs 1 through 94 above.

96. The First Amendment protects Plaintiff's right to petition the government for redress of grievances, including through the submission of lawful public records requests.

97. Government officials may not punish, retaliate against, or threaten individuals for exercising their right to petition under the Massachusetts Public Records Law or other legal avenues for seeking government information.

98. Defendant Siemasko, acting under color of law, issued a retaliatory warning of potential criminal prosecution against Plaintiff in response to Plaintiff's public records request.

99. The threat of legal consequences for submitting a lawful petition for information is a direct violation of the First Amendment.

100. As a direct and proximate result of Defendants' actions, Plaintiff has been deterred from exercising further First Amendment rights, violating Plaintiff's constitutional right to petition the government.

## COUNT THREE — Violation of the Fourteenth Amendment

*(Due Process — Arbitrary and Vague Threat of Prosecution)*

101. Plaintiff repeats and re-alleges paragraphs 1 through 100 above.

102. The Fourteenth Amendment guarantees that individuals shall not be deprived of their rights without due process of law, including protection from arbitrary government threats.

103. Defendants, acting under color of state law, issued a vague and arbitrary warning suggesting that Plaintiff's lawful public records request might be considered a criminal act under Massachusetts law.

104. Defendants failed to cite any legal authority for this assertion because no such legal authority exists — a public records request is not third-party contact under restraining order laws.

105. By failing to provide a clear or lawful justification for their threat, Defendants have engaged in arbitrary government action that deprives Plaintiff of fair notice of what conduct is considered unlawful.

106. Defendants' conduct violates the Fourteenth Amendment's guarantee of due process because it subjects Plaintiff to the risk of arbitrary criminal enforcement without clear legal standards.

107. As a result, Plaintiff has suffered a chilling effect on his ability to request public records and engage in further constitutionally protected activity.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983 (Municipal Liability – Monell Claim)

*(Against the City of Newburyport through Defendant Siemasko in his Official Capacity)*

108. Plaintiff repeats and re-alleges paragraphs 1 through 107 above.

109. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality may be held liable under § 1983 if the constitutional violation was caused by:

(a) an **official policy**,

(b) a **widespread custom or practice**, or

(c) an act of a **final policymaker**.

110. The City of Newburyport, through its police department, has a pattern, policy, or custom of retaliating against individuals who lawfully seek public records.

111. Defendant Siemasko, acting in his official capacity, issued an unconstitutional threat of prosecution in response to a lawful public records request.

112. The City of Newburyport has failed to properly train, supervise, and discipline its officers regarding the constitutional limits on retaliation against public records requesters.

113. As a direct and proximate result of these municipal policies, practices, and failures, Plaintiff's First and Fourteenth Amendment rights were violated.

114. Absent injunctive relief, the unconstitutional policies and practices of the City of Newburyport will continue, chilling the rights of other public records requesters.

## COUNT V – Violation of Mass. Gen. Laws ch. 66, § 10

*(Violation of Massachusetts state public record law under supplemental jurisdiction pursuant to 28 U.S.C. § 1367)*

115. Plaintiff repeats and re-alleges paragraphs 1 through 114 above.

116. This claim arises from the same nucleus of operative fact as Plaintiff's federal claims under 42 U.S.C. § 1983 and forms part of the same case or controversy under Article III of the U.S. Constitution. Accordingly, this Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

117. Defendants refused to produce any responsive records to Plaintiff's lawful public records request; and, in particular, Defendants did not produce a copy of Newburyport Police Report 22-77-AR to Plaintiff.

118. The Defendants, through the conduct described above, violated Mass. Gen. Laws ch. 66, § 10.

119. Concerning Mass. Gen. Laws ch. 66, § 10, "in keeping with its fundamental purpose to ensure public access to government documents, the statute establishes 'a presumption that the record sought is public,' and places the burden on the custodian of the record 'to prove with specificity the exemption which applies.'" *General Electric Company v. Department of Environmental Protection*, 429 Mass. 798, 801 (1999).

120. Upon information and belief, one of the records sought, Newburyport Police Report 22-77-AR, does not contain any report of abuse as defined by Mass. Gen. Laws ch. 209A, § 1. More specifically, it likely does not contain any report of physical harm, fear of imminent serious physical harm, or involuntary sexual relations by force, threat or duress.

121. Consequently, Newburyport Police Report 22-77-AR is not exempt from disclosure under Mass. Gen. Laws ch. 4, § 7(26)(a); ch. 41, § 97D.

122. Upon information and belief, Newburyport Police Report 22-77-AR describes events wherein Ofc. Patrick Szymkowski personally sought the retaliatory arrest of a resident of Massachusetts for engaging in protected First Amendment activity.

123. Newburyport Police Report 22-77-AR is not exempt from disclosure under Mass. Gen. Laws ch. 66, § 10.

124. By failing to produce a copy of Newburyport Police Report 22-77-AR to Plaintiff, Defendants have violated Mass. Gen. Laws ch. 66, § 10.

## JURY TRIAL DEMAND

125. Plaintiff demands a trial by jury on all disputed issues of fact so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

A) Issue a declaratory judgment that Defendants' actions violated Plaintiff's First and Fourteenth Amendment rights under the U.S. Constitution; and,

B) Grant injunctive relief prohibiting Defendants from issuing retaliatory threats of criminal prosecution against individuals who submit public records requests; and,

C) Grant equitable relief compelling Defendants to produce a copy of Newburyport Police Report 22-77-AR and the other public records requested by Plaintiff; and,

D) Award Plaintiff's costs of suit and reasonable attorneys' fees and other expenses under 42 U.S.C. § 1988; and

E) Award such other relief as the Court deems just and equitable.

Respectfully submitted,

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

February 21, 2025.