UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA ALBRECHT,<br>              Plaintiff,<br><br>v.<br><br>CITY OF NEWBURYPORT,<br>NEWBURYPORT POLICE DEPARTMENT,<br>LT. RICHARD J. SIEMASKO, solely in his<br>Official capacity as the records access officer<br>of the Newburyport Police Department and his<br>successors in office,<br>              Defendants. | Civil Action. 1:25-cv-10438-ADB |

## DEFENDANTS' MOTION TO DISMISS

NOW COMES the Defendants, City of Newburyport, Newburyport Police Department, and Lt. Richard J. Siemasko, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), who respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint in its entirety. If the Court finds that dismissal in the entirety is not proper, the Defendant requests dismissal of those claims and parties as the Court sees fit. A memorandum of law is submitted separately in support herewith.

Defendants,
By their attorney,

*/s/ Joseph A. Padolsky*

Joseph A. Padolsky (BBO# 679725)
Douglas I. Louison (BBO# 545191)
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
jpadolsky@lccplaw.com
dlouison@lccplaw.com
(617) 439-0305

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

Now comes undersigned counsel in the above-captioned matter and certifies that he has conferred with counsel for the Plaintiffs, regarding the Defendant Alisson Novak's Motion to Dismiss in an attempt to resolve or narrow the issues raised in said motion.

*/s/ Joseph A. Padolsky*
Joseph A. Padolsky, Esquire (BBO #679725)

Date: March 26, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 14th of March 2025:

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

*/s/ Joseph A. Padolsky*
Joseph A. Padolsky, Esquire (BBO #679725)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA ALBRECHT,<br>    Plaintiff,<br><br>  v.<br><br>CITY OF NEWBURYPORT,<br>NEWBURYPORT POLICE DEPARTMENT,<br>LT. RICHARD J. SIEMASKO, solely in his<br>Official capacity as the records access officer<br>of the Newburyport Police Department and his<br>successors in office,<br>    Defendants. | Civil Action. 1:25-cv-10438-ADB |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

**I.     INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), this Memorandum is submitted in support of the Defendants', City of Newburyport, Newburyport Police Department[1], and Lt. Richard J. Siemasko[2], Motion to Dismiss Plaintiffs' Amended Complaint in its entirety.

Each of the Plaintiff's five claims relate to the same set of alleged facts. He alleges he was subjected to retaliation because he submitted public records requests to the Newburyport Police

---

[1] For purposes of a Section 1983 action, a police department is "considered a non-person" and, therefore, [*8] "is not a suable entity." Torrey v. FBI United States, 2024 U.S. Dist. LEXIS 106977, *7-8 (D. Mass. 2024) citing Curran v. City of Boston, 777 F.Supp. 116, 120 (D. Mass. 1991).

[2] Plaintiff impleads Lt. Richard J. Siemasko solely in his official capacity as the records access officer of the Newburyport Police Department. "A suit against a public official in his official capacity is a suit against the government entity" of which the official is an agent. Stuart v. City of Gloucester, 2019 U.S. Dist. LEXIS 117327 (D. Mass. 2019) citing Rosaura Bldg. Corp. v. Municipality of Mayagüez, 778 F.3d 55, 62 (1st Cir. 2015). State officials, such as police officers, are not "persons" within the meaning of Section 1983 when acting in their official capacities and are, therefore, not subject to suit in federal court without the Commonwealth's consent. Tyler v. Massachusetts, 981 F. Supp. 2d 92, 95 (D. Mass. 2013). Accordingly, a Section 1983 suit brought against a police officer or chief of a municipal police department in his or her official capacity is a suit against the municipality itself. See Murphy v. Town of Natick, 516 F. Supp. 2d 153, 158 (D. Mass. 2007); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . .").

Department on July 11, 2024 seeking various records relating to Officer Patrick Szymkowski. Lt. Siemasko, the records officer responding to his request, issued a written response via email denying his request due to statutory exemptions.[3] Plaintiff also alleges that Lt. Seimasko's email contained a statement that stated if Plaintiff was acting on behalf of the defendant in a criminal or civil case, then Plaintiff's request for the report could constitute a third party contact violation of a restraining order and could result in criminal liability. Based on this and this alone, Plaintiffs bring the following counts for relief:

| | |
|---|---|
| Count I | First Amendment Retaliation for Expression |
| Count II | First Amendment Retaliation for Petitioning |
| Count III | Fourteenth Amendment Substantive Due Process |
| Count IV | Monell Claim |
| Count V | G.L. c. 66, § 10 |

Each of Plaintiff's five claims are without merit. Further, there is a state provided process that Plaintiff has not availed himself of with regard to access to public records. His failure to follow this process also bars his claims in this case.

## II.  STANDARD OF REVIEW[4]

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[3] In Massachusetts, police reports related to domestic violence, rape, and sexual assault are exempt from public disclosure under Massachusetts General Law (M.G.L.) Chapter 41, Section 97D, ensuring their confidentiality and accessibility only to specific individuals and entities.

[4] As a general rule, a court may not consider documents outside of the pleadings without converting a motion to dismiss into one for summary judgment. Watterson v. Page, 987 F.2d 1 (1st Cir. 1993). Exceptions to this rule exist, however, "for documents the authenticity of which are not disputed by the parties; for official records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. "The problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff . . . Where [the] plaintiff has actual notice . . . and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, 503 U.S. 960, 118 L. Ed. 2d 208, 112 S. Ct. 1561 (1992).

(2007). A mere recital of the legal elements supported only by conclusory statements is not sufficient to state a cause of action. Id. at 555. Statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action must be disregarded. Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 4 (1st Cir. 2011).

### III.  STATEMENT OF FACTS

The Plaintiff submitted a public records request to the Newburyport Police Department on July 11, 2024 seeking various records relating to Officer Patrick Szymkowski. (Compl. at ¶ 70). The records requested relate to domestic matters dating back to 2018. (Compl. at ¶¶ 12-68). On the face of Plaintiff's complaint, Plaintiff has not alleged any special relationship to Officer Szymkowski or Destinie Bernard, a woman who was alleged to have been in a relationship with Officer Szymkowski at some point during or prior to 2018. Id. Plaintiff sent an additional email to Lt. Siemasko on July 30, 2024, stating "Since I filed my original request, I now believe that the responsive records I originally asked for would include (but not be limited to) Newburyport Police Report 22-77-AR[5], should you require any further assistance in finding the responsive records more quickly." (Compl. at ¶ 71). On August 6, 2024, Lt. Siemasko, the records officer responded to his request, issued a written response via email denying his request due to statutory exemptions.[6] (Compl. at ¶ 73). Plaintiff also alleges that Lt. Seimasko's email contained a statement that stated if Plaintiff was acting on behalf of the defendant in a criminal or civil case, then Plaintiff's request for

---

[5] Plaintiff's Complaint does not allege how he came to be aware of a specific report number for an alleged domestic violence matter, assuming 22-78-AR exists and is a domestic violence report as Plaintiff alleges. All such reports, including the report number, are exempt from public disclosure and kept confidentially.

[6] In Massachusetts, police reports related to domestic violence, rape, and sexual assault are exempt from public disclosure under Massachusetts General Law (M.G.L.) Chapter 41, Section 97D, ensuring their confidentiality and accessibility only to specific individuals and entities.

the report could constitute a third-party contact violation of a restraining order and could result in criminal liability.

Lt. Seimasko's August 6, 2024 email response to the Plaintiff is attached and fully incorporated as Exhibit A hereto.[7]

## IV.   ARGUMENT

The Plaintiff has not stated any viable cause of action.

### A.   THE PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIMS (COUNTS I & II) MUST BE DISMISSED

The First Amendment guarantees "freedom from official retaliation on the basis of protected speech." Mattei v. Dunbar, 217 F. Supp. 3d 367, 373 (D. Mass. 2016) (additional citation omitted). To state a First Amendment retaliation claim, a plaintiff "must allege that (1) [he] engaged in constitutionally protected conduct, (2) [he was] subjected to an adverse action by [defendant], and (3) the protected conduct was a substantial or motivating factor in the adverse action." Gattineri v. Town of Lynnfield, 58 F.4th 512, 514 (1st Cir. 2023) (additional citations and quotations omitted) (second alteration in original).  The Plaintiff was not subjected to adverse action by Lt. Seimasko (in his official capacity) or by the City of Newburyport.

### B.   PLAINTIFFS' 42 U.S.C. § 1983 SUBSTANTIVE DUE PROCESS CLAIMS MUST BE DISMISSED

For a substantive due process claim, plaintiff must meet "a further and onerous requirement" to prove "the state actions [] shock the conscience of the court." Rivera v. Rhode Island, 402 F.3d 27, 35 (1st Cir. 2005). To meet this standard, the state actions must be "so

---

[7] In adjudicating a Rule 12(b)(6) motion, a district court may consider not only the complaint but also any documents annexed to it (the authenticity of which are unchallenged) and other such documents that are sufficiently referenced and/or relied upon in the complaint. See Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 12 (1st Cir. 2004); Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998).

egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).

"State conduct violates an individual's substantive-due-process rights when it is 'so brutal, demeaning, and harmful that it is shocking to the conscience.'" Elena v. Municipality of San Juan, 677 F.3d 1, 7-8 (1st Cir. 2012) (quoting Maymi v. P.R. Ports Auth., 515 F.3d 20, 30 (1st Cir. 2008)); see also Freeman v. Town of Hudson, 714 F.3d 29, 40 (1st Cir. 2013) ("[Substantive due process] claims are limited to government action that, by its very nature, shock[s] the conscience . . . and [are] reserve[d] . . . for truly horrendous situations." (internal quotation marks and citations omitted)); Harron v. Town of Franklin, 660 F.3d 531, 536 (1st Cir. 2011) ("[T]he test is primarily concerned with violations of personal rights so severe[,] so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." (quoting Gonzalez-Fuentes v. Molina, 607 F.3d 864, 881 (1st Cir. 2010)).

Plaintiff's sole allegations against Lt. Seimasko (in his official capacity) and the City of Newburyport, is that Lt. Seimasko denied a public records request and cautioned that if Plaintiff was acting on behalf of the defendant in a criminal or civil case, then his request for the report could constitute a third-party contact violation of a restraining order and could result in criminal liability. Simply put, this is not a 'threat', as plaintiff alleges, and it is not a substantive due process violation.

### C.    THE PLAINTIFF'S MONELL CLAIM MUST BE DISMISSED

It is well established that "[a] municipality cannot be held liable solely because it employs a tortfeasor. . . ." Monell v. Dept. of Soc. Servs. of the City of N.Y., 468 U.S. 658, 691 (1978). Instead, municipal liability "attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for

establishing final policy with respect to the subject matter in question." Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986). As the First Circuit has noted: "The Supreme Court, concerned that municipal liability based on fault by the City might collapse into de facto respondeat superior, has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005).

"Where, as here, no official policy has been identified, a plaintiff may also obtain judgment based on practices by the municipality 'so permanent and well settled as to constitute a custom or usage with the force of law.'" Schand v. City of Springfield, 380 F. Supp. 3d 106, 131 (D. Mass. 2019) (Ponsor, J.) (quoting Monell, 439 U.S. at 691). Municipal liability "grounded upon an unconstitutional municipal custom" must meet a two-part test:

> First, the custom or practice must be attributable to the municipality. In other words, it must be so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice. Second, the custom must have been the cause of and the moving force behind the deprivation of constitutional rights.
>
> Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989) (emphasis added). At the end of

the day, "[t]he critical question under Monell remains this: is the action about which the plaintiff is complaining one of the institution itself, or is it merely one untaken by a subordinate actor?" Glisson v. Ind. Dept. of Corrections, 849 F.3d 372, 381 (7th Cir. 2017) (en banc). Plaintiff's complaint makes only a threadbare recital of the elements of a Monell claim, it does not allege facts to support the claim. On this basis, alone, the claim must be dismissed.

Plaintiff's Monell claim must also be dismissed because he has failed to state a plausible underlying claim. See Kennedy v. Town of Billerica, 617 F.3d 520, 531 (1st Cir. 2010)("Monell can impose municipal liability only for underlying, identifiable constitutional violations attributable to official municipal policy"); Pica-Hernández v. Irizarry-Pagán, 671 F. Supp. 2d 289, 300 (D.P.R. 2009)

("With no injury inflicted[,] the Municipality cannot be subject to any liability").  Where the only substantive facts alleged against the Defendants in this case are the denial of a public records request, the Plaintiff wholly fails to state a claim for Monell liability.

### D.     THE PLAINTIFF'S G.L. C. 66, § 10 CLAIM MUST BE DISMISSED

Plaintiff does not have a viable claim under G.L. c. 66, § 10.  General Laws c. 66, § 10 provides a comprehensive procedure for the release of public records. A custodian of any public record, as defined in G.L. c.4, § 7, Twenty-sixth, shall make it, or any segregable portion thereof, available to the person requesting. G.L. c.66, § 10(a). Should the custodian refuse or fail to comply, the requestor may petition the supervisor of records for a determination as to whether the record requested is public and, if so, order its dissemination. G. L. c. 66, § 10(b). Upon determination that the record is public, the supervisor "shall order the custodian of the public record to comply with the person's request. If the custodian refuses or fails to comply with any such order, the supervisor of records may notify the attorney general or the appropriate district attorney thereof who may take whatever measures he deems necessary to ensure compliance with the provisions of this section nor shall the administrative remedy provided by this section in any way limit the availability of judicial remedies otherwise available to any person requesting a public record. If a custodian of a public record refuses or fails to comply with the request of any person for inspection or copy of public record or with an administrative order under this section, the supreme judicial court or superior court shall have jurisdiction to order compliance. Id.

The Plaintiff has not complied with the statute.  The supervisor of records did not review Lt. Seimasko's response because Plaintiff did not file a petition pursuant to the procedure within ninety days of the response.  The supervisor of records never issued a decision and, thus, the superior court's jurisdiction was never implicated because there was no order to review.

Plaintiff's claim also implicates the principles of exhaustion of administrative remedies and the doctrine of primary jurisdiction.  Both doctrines involve courts "impos[ing] upon themselves" limitations on the exercise of jurisdiction. Cushing v. Smith, 457 A.2d 816, 821 (Me. 1983); see State ex rel. Brennan v. R.D. Realty Corp., 349 A.2d 201, 207 (Me. 1975) (explaining that the doctrine of primary jurisdiction is "a matter of judicial policy"). The exclusion principle "requires a party to proceed in the administrative . . . arena until all possible administrative remedies are exhausted before initiating action in the courts." Cushing, 457 A.2d at 821 (quoting Levesque v. Inhabitants of Eliot, 448 A.2d 876, 878 (Me. 1982)).  Plaintiff failed to avail himself of the state provided administrative procedure, coming in the first instance to this Court for a ruling regarding whether Newburyport Police Report 22-77-AR is truly exempt from public disclosure.  The principles of exhaustion and primary jurisdiction bar the Plaintiff from proceeding in this manner.

Even assuming Plaintiff's request was timely and the forum was appropriate, reports relating to domestic violence are exempt from public disclosure by statute.  As stated in Lt. Siemasko's August 6, 2024 response, the exceptions to the Massachusetts Public Records Act permit withholding of records that are exempt from disclosure by statute.  Reports involving domestic violence are required to be kept confidential. G.L. c . 4, § 7(26)(a); G.L. c. 41, § 97D.  To the extent that Plaintiff sought CORI information it is protected by 803 CMR 223 and 803 CMR 5.14.  Thus, report 22-77-AR is exempt from public disclosure.

## V.  CONCLUSION

WHEREFORE, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), City of Newburyport, Newburyport Police Department, and Lt. Richard J. Siemasko, respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint in its entirety. If the Court so finds that dismissal in the entirety is not proper, the Defendants request dismissal of those claims as the Court sees fit.

                                        Defendants,
                                        By their attorney,

                                        */s/ Joseph A. Padolsky*
                                        _____

                                        Joseph A. Padolsky (BBO# 679725)
                                        Douglas I. Louison (BBO# 545191)
                                        Louison, Costello, Condon & Pfaff, LLP
                                        Ten Post Office Square, Suite 1330
                                        Boston, MA 02109
                                        jpadolsky@lccplaw.com
                                        dlouison@lccplaw.com
                                        (617) 439-0305

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 14th of March 2025:

DANA ALBRECHT
*Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

                                      */s/ Joseph A. Padolsky*
                                      Joseph A. Padolsky, Esquire (BBO #679725)

# EXHIBIT A

# Richard Siemasko

| | |
|---|---|
| **From:** | Richard Siemasko |
| **Sent:** | Tuesday, August 6, 2024 11:54 AM |
| **To:** | dana.albrecht@hushmail.com |
| **Cc:** | Susan McGrath |
| **Subject:** | records request response |
| **Attachments:** | Request.pdf |

Good Morning,

I have received your public records request and I have reviewed the report that you requested. Based on reviewing your attachments you are already in possession of all the documents that you are requesting. I am assuming that the defendant in this matter has provided them to you. I have no additional documents to provide. I would caution you that the defendant in this matter has an active restraining order on her by victim in said report. If she contacts, harasses or abuses the victim that would be a violation of said order. If you are acting as her agent or representative that would be a 3rd party contact violation of the restraining order.

Additionally, had you not been in possession of the documents that you sent me I would have denied your request. I would have responded;

Not only does this report fall within numerous exceptions to the public records law, because this report involves domestic violence it is actually a crime for me to release this subsequent to a public records request. I am required by law to deny your request.

1. **Exception A** to the Public Records Law, allows the withholding of records that specifically or by necessary implication are exempted from disclosure by statute.
2. Reports that include Domestic Violence cannot be released, (G.L. c. 4, § 7(26)(a); G.L. c. 41, § 97D) All communications between police officers and victims of such offenses or abuse shall not be public reports and shall be maintained by the police departments in a manner that shall assure their confidentiality. A violation of this section shall be punished by imprisonment for not more than 1 year or by a fine of not more than $1,000, or both such fine and imprisonment.
3. Reports that contain CORI information cannot be released, pursuant to 803 CMR 223 & 803 CMR 5.14
4. **Exception C** to the Public Records Law, Disclosure of this record relating to a named individual may constitute an unwarranted invasion of personnel privacy.


950 CMR 32.08, claiming that the records in question were the subjects of dispute in active litigation, administrative hearings, or mediation.

The legislature also designed the exemption to allow officers to provide an assurance of confidentiality to private citizens so that they will speak openly about matters under investigation. Any details in witness statements, which if released create a grave risk of directly or indirectly identifying a private citizen who volunteers as a witness are indefinitely exempt. This record could not possibly be redacted in a manner to avoid identification of such witnesses/victims.

Please be advised that pursuant to 950 CMR 32.00 and G.L. c. 66, section 10A (a) you have the right to appeal this decision to the Supervisor of Public Records within 90 calendar days. Such appeal shall be in writing, and shall include a

1

copy of the letter by which the request was made and, if available, a copy of the letter by which the custodian responded. The Supervisor shall accept an appeal only from a person who had made his or her record request in writing. Pursuant to G.L. c. 66, section 10A(c), you also have the right to seek judicial review, commencing a civil action in the superior court.

Sincerely,

*Richard J. Siemasko, Esq.*
*Senior Lieutenant*
*Newburyport Police Dept.*
*4 Green Street*
*Newburyport, MA  01950*
*978-462-4411 ext. 1003*

CONFIDENTIALITY: This communication, including attachments, is for exclusive use of the addressee(s) and may contain proprietary, confidential or privileged information. If you are not the intended recipient, any use, copying, disclosure, or distribution or the taking of any action in reliance upon this information is strictly prohibited. If you are not the intended recipient, please notify the sender immediately and delete this communication and destroy all copies.