# Richard Siemasko

**From:** Richard Siemasko
**Sent:** Tuesday, August 6, 2024 11:54 AM
**To:** dana.albrecht@hushmail.com
**Cc:** Susan McGrath
**Subject:** records request response
**Attachments:** Request.pdf

Good Morning,

I have received your public records request and I have reviewed the report that you requested. Based on reviewing your attachments you are already in possession of all the documents that you are requesting. I am assuming that the defendant in this matter has provided them to you. I have no additional documents to provide. I would caution you that the defendant in this matter has an active restraining order on her by victim in said report. If she contacts, harasses or abuses the victim that would be a violation of said order. If you are acting as her agent or representative that would be a 3rd party contact violation of the restraining order.

Additionally, had you not been in possession of the documents that you sent me I would have denied your request. I would have responded;

Not only does this report fall within numerous exceptions to the public records law, because this report involves domestic violence it is actually a crime for me to release this subsequent to a public records request. I am required by law to deny your request.

1. **Exception A** to the Public Records Law, allows the withholding of records that specifically or by necessary implication are exempted from disclosure by statute.
2. Reports that include Domestic Violence cannot be released, (G.L. c. 4, § 7(26)(a); G.L. c. 41, § 97D) All communications between police officers and victims of such offenses or abuse shall not be public reports and shall be maintained by the police departments in a manner that shall assure their confidentiality. A violation of this section shall be punished by imprisonment for not more than 1 year or by a fine of not more than $1,000, or both such fine and imprisonment.
3. Reports that contain CORI information cannot be released, pursuant to 803 CMR 223 & 803 CMR 5.14
4. **Exception C** to the Public Records Law, Disclosure of this record relating to a named individual may constitute an unwarranted invasion of personnel privacy.

950 CMR 32.08, claiming that the records in question were the subjects of dispute in active litigation, administrative hearings, or mediation.

The legislature also designed the exemption to allow officers to provide an assurance of confidentiality to private citizens so that they will speak openly about matters under investigation. Any details in witness statements, which if released create a grave risk of directly or indirectly identifying a private citizen who volunteers as a witness are indefinitely exempt. This record could not possibly be redacted in a manner to avoid identification of such witnesses/victims.

Please be advised that pursuant to 950 CMR 32.00 and G.L. c. 66, section 10A (a) you have the right to appeal this decision to the Supervisor of Public Records within 90 calendar days. Such appeal shall be in writing, and shall include a

1

copy of the letter by which the request was made and, if available, a copy of the letter by which the custodian responded. The Supervisor shall accept an appeal only from a person who had made his or her record request in writing. Pursuant to G.L. c. 66, section 10A(c), you also have the right to seek judicial review, commencing a civil action in the superior court.

Sincerely,

*Richard J. Siemasko, Esq.*
*Senior Lieutenant*
*Newburyport Police Dept.*
*4 Green Street*
*Newburyport, MA  01950*
*978-462-4411 ext. 1003*

CONFIDENTIALITY: This communication, including attachments, is for exclusive use of the addressee(s) and may contain proprietary, confidential or privileged information. If you are not the intended recipient, any use, copying, disclosure, or distribution or the taking of any action in reliance upon this information is strictly prohibited. If you are not the intended recipient, please notify the sender immediately and delete this communication and destroy all copies.