UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DANA ALBRECHT,** )<br>)<br>**Plaintiff** )<br>v. )<br>)<br>**CITY OF NEWBURYPORT,** *et al.*, )<br>)<br>**Defendants.** ) | **Civil No. 1:25-cv-10438-ADB** |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO CLARIFY REPRESENTATION OF
NEWBURYPORT POLICE DEPARTMENT**

---

### INTRODUCTION

Plaintiff respectfully submits this memorandum of law in support of his motion to clarify the status of defense counsel's representation of the named defendant Newburyport Police Department, and to request that counsel either affirm such representation or refrain from filing further pleadings on that entity's behalf unless and until such representation is confirmed.

This motion arises from procedural ambiguity created when a party has been served, appears on the docket, and has pleadings filed in its name – yet no formal clarification is made regarding representation, despite the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules.

- 1 -

**I. Legal Framework**

    **A. Municipal Liability Under 42 U.S.C. § 1983**

In *Monroe v. Pape*, 365 U.S. 167 (1961), the U.S. Supreme Court held that individuals may be sued under 42 U.S.C. §1983 for constitutional violations committed "under color of law," but municipalities were not then considered "persons" subject to suit.

This limitation was later overruled in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), which held that municipalities are "persons" under §1983 and may be held liable when a constitutional violation results from an official policy, custom, or practice. However, liability cannot be based solely on *respondeat superior*. See *Monell*, 436 U.S. at 691.

Although *Monell* clarified that municipalities may be sued, it left open the question of whether subordinate municipal units such as police departments are independently suable under §1983.

    **B. The Legal Status of Police Departments Under § 1983**

Under current First Circuit precedent, municipal police departments are typically not treated as separate suable entities under §1983. In *Henschel v. Worcester Police Department*, 445 F.2d 624 (1st Cir. 1971), the court dismissed a §1983 claim against a police department, reasoning:

> "If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city — a result foreclosed by *Monroe*."

Although *Monell* later overruled *Monroe* in part, courts in this Circuit have continued to interpret *Henschel*'s progeny as limiting §1983 liability to the municipality itself, not to its subordinate departments. See *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991) (dismissing claims against the

Boston Police Department while allowing *Monell* claims to proceed against the City of Boston), citing *Henschel*; *Torrey v. FBI United States of America*, No. 1:24-cv-10864-WGY, 2024 WL 3092219 (D. Mass. June 17, 2024) (citing *Curran* and dismissing claims against the Brockton Police Department).

Nevertheless, even in *Torrey*, defense counsel entered a formal appearance on behalf of the Brockton Police Department after it was properly served. See ECF Nos. 6 and 38.[1]

## II. Procedural and Ethical Concerns

On March 26, 2025, defense counsel filed a motion for an extension of time on behalf of all named defendants, including the Newburyport Police Department. See ECF No. 11. Under **Local Rule 83.5.2(a),** "[t]he filing of an appearance or any other pleading signed on behalf of a party constitutes an entry of appearance for that party."

Accordingly, that filing constitutes a legal appearance for the Police Department. Nonetheless, in email correspondence that same day, defense counsel asserted that the Police Department "is not a suable entity" and declined to clarify whether he intended to continue filing on the department's behalf. No formal appearance has been docketed.

This raises procedural and ethical concerns, particularly for a *pro se* litigant attempting to comply with:

- **Fed. R. Civ. P. 11(a):** which requires that every pleading be signed by an attorney of record;

- **Local Rule 83.5.2(a):** which requires pleadings to identify the party represented and include attorney contact information; and

---

1  Available online at https://www.courtlistener.com/docket/68406145/torrey-v-united-states-of-america/

- **Massachusetts Rule of Professional Conduct 4.2:** which limits communication with represented parties.

Absent clarification, Plaintiff is left without clear guidance as to:

- Whether the Police Department is represented;

- Whether future pleadings in its name are valid;

- Whether service and communications should be directed to defense counsel or to the Department itself; and

- Whether ethical considerations concerning direct contact with the Police Department apply.

Although defense counsel's [March 26 filing](#) may constitute an appearance under **Local Rule 83.5.2(a)**, the refusal to confirm representation going forward creates confusion that undermines procedural clarity and impairs Plaintiff's ability to proceed ethically and confidently.

## Conclusion

Plaintiff respectfully requests that the Court:

- Confirm that the March 26, 2025 motion for extension constituted an appearance on behalf of the Newburyport Police Department under **Local Rule 83.5.2(a);** and

- Direct defense counsel to either **(i)** affirm that he represents the Newburyport Police Department for all purposes going forward in this litigation, or **(ii)** disclaim representation and refrain from filing further pleadings or motions on its behalf.

Such clarification will promote orderly proceedings, protect the integrity of the docket, and ensure fairness to all parties.

                                        Respectfully submitted,

                                        _____
                                        DANA ALBRECHT
                                              *Pro Se*
                                        131 Daniel Webster Hwy #235
                                        Nashua, NH 03060
                                        (603) 809-1097
                                        dana.albrecht@hushmail.com

March 31, 2025.

## CERTIFICATE OF SERVICE

I, Dana Albrecht, hereby certify that a copy of this memorandum shall be served on all parties and/or counsel of record registered through the ECF system.

                                        _____
                                        DANA ALBRECHT

March 31, 2025