

# CITY OF NEWBURYPORT

# REQUEST FOR RECORDS

Please send form to Public Records, City Clerk's Office, PO Box 550, Newburyport, MA 01950
The City of Newburyport request that all record request be in writing. Please provide the following information:

| Name and contact information of requester: | Name and address where records should be sent: |
|---|---|
| Name:   Dana Albrecht | Name:   Dana Albrecht |
| Company: | Address:   131 Daniel Webster Hwy #235 |
| Phone:   (603) 809-1097 | City/Town:   Nashua, NH |
| Fax: | Zip:   03060 |
| E-Mail:   dana.albrecht@hushmail.com | E-Mail:   dana.albrecht@hushmail.com |
| | Fax: |

| Requested documents (please be specific and use back of form if needed): |
|---|
| Please see attached correspondence. |

*Fees:*
**Pursuant to M.G.L. c. 66, § 10, a custodian may charge $0.20 per page for photocopies and $0.50 per page for computer printouts. Additionally, the custodian may charge the hourly rate of the lowest paid employee capable of searching and segregating the documents.  See 950 CMR 32.06(1)(c).  Please make checks payable to the City of Newburyport**.

**Mr. Dana Albrecht**
131 Daniel Webster Hwy #235
Nashua, NH 03060

dana.albrecht@hushmail.com
+1 (603) 809-1097

July 11, 2024

<u>VIA EMAIL ONLY</u>

Lieutenant Rick Siemasko
Records Access Officer
Newburyport Police Department
4 Green St.
Newburyport, MA 01950

Re:     Massachusetts Public Records Request

Dear Lt. Siemasko,

Pursuant to the Massachusetts Public Records Act § 66-10 et seq., I am requesting copies of:

1. All police reports, call logs, arrest records, emails, and other documents in possession of the Newburyport Police or Town of Newburyport that <u>directly</u> relate to:

    **"a probable cause hearing scheduled for September 28th [2022]" that was "transferred down to Peabody District Court" in Massachusetts,**

    as described by Salisbury, MA Police Officer Patrick Szymkowski in his email to Seabrook NH Sergeant Daniel J. Lawrence dated September 25, 2022.[1]

2. All records in possession of the Newburyport Police or Town of Newburyport directly related to a fax sent on or about September 27, 2022 to the Newbury District Court from Seabrook NH Sergeant Daniel J. Lawrence.[2]

3. All police reports, call logs, arrest records, emails, and other documents in possession of the Newburyport Police or Town of Newburyport that directly relate to:

    • Salisbury Police Chief Thomas Fowler's Correspondence to Ofc. Patrick Szymkowski dated May 23, 2018.[3]
    • Salisbury Police Chief Fowler's Correspondence to Ofc. Szymkowski dated May 24, 2018.[4]
    • Salisbury Police Chief Fowler's Correspondence to Ofc. Szymkowski dated May 30, 2018.[5]
    • Salisbury Police Chief Fowler's Correspondence to Ofc. Szymkowski dated June 6, 2018.[6]

---

1  A copy of this email exchange is attached.
2  A copy of the related fax cover page is attached.
3  A copy of this correspondence is attached.
4  A copy of this correspondence is attached.
5  A copy of this correspondence is attached.
6  A copy of this correspondence is attached.

- 1 -

These records are not being requested for any commercial purpose; nevertheless, I also am not requesting any fee waiver, so please let me know the total of any costs or fees associated with this request.

Further, please note that the "records access officer may not require the requester to specify the purpose for a request, except to determine whether the records are requested for a commercial purpose or whether to grant a request for a fee waiver." *Boston Globe Media Partners, LLC v. Department of Pub. Health*, 482 Mass. 427, 447-448 (2019). Indeed, "there is no requirement in the statute that a reason or justification is necessary or must be given to access public records," (*Id.*) and the Massachusetts Supreme Court does "not perceive any other basis for such a requirement." (*Id.*)

Also, "in keeping with its fundamental purpose to ensure public access to government documents, the statute [also] establishes 'a presumption that the record sought is public,' and places the burden on the custodian of the record 'to prove with specificity the exemption which applies.'" *General Electric Company v. Department of Environmental Protection*, 429 Mass. 798, 801 (1999).

In particular, "booking photographs and ... police incident reports [are] not exempt from disclosure under the privacy exemption to the public records law, given that the subjects of the requested records [are] public officials and the public interests in disclosure substantially outweigh[] the diminished privacy interests that public officials have." *Boston Globe Media Partners, LLC v. Department of Criminal Justice Info. Servs.*, 484 Mass. 279, 282 (2020).

Moreover, documents relating to alleged misconduct by police officers are also public records. *GateHouse Media, LLC v. City of Worcester*, No. 22-P-282 (Mass. App. Ct. Jan. 11, 2023).

Consequently, if there are any records, categories of records or portions of records that you intend to withhold, please provide the specific reasons for such withholding, including the specific exemption or exemptions upon which the withholding is based. Mass. Gen. Laws ch. 66, § 10(b)(iv).

I respectfully request your response within ten business days.

Email is a splendid way to reach me!

Thank you for your time and attention.

Sincerely,

Dana Albrecht

cc:   Ms. Susan McGrath, Records Clerk
      Secretary of the Commonwealth, Public Records Division.
encl.

# Re: Destinie Berard

**Daniel Lawrence**

Mon 11/14/2022 11:02 AM

Sent Items

To: Patrick Szymkowski <pszymkowski1@gmail.com>,

Patrick,

Things are going well. Hope they are for you as well. The In-State warrant will always remain in place until she's picked up on it. It does not expire over time. My experience with the County Attorney's Office is that unfortunately they will not approve/authorize extradition because it's only a Misdemeanor offense and there was no violent act committed to violate the order. I know that's not the answer you were hoping for and I apologize for that. At least we know she will always be looking over her shoulder and staying out of NH because she knows she has a warrant waiting for her!

Dan

Daniel J Lawrence
Detective Sergeant
Seabrook Police Department
7 Liberty Lane
Seabrook, NH 03874
Office Ph# 603-474-5200
Cell# 603-493-4493
Fax# 603-468-1999 (Detective's fax)
Email: dlawrence@seabrookpd.com

***Statement of Confidentiality***
The information contained in this electronic message and any attachments to this message may contain confidential or privileged information and is intended for the exclusive use of the addressee(s). Please notify the Seabrook Police Department immediately at (603) 474-5200 or reply to dlawrence@seabrookpd.comif you are not the intended recipient, and destroy all copies of this electronic message and any attachments.

---

**From:** Patrick Szymkowski <pszymkowski1@gmail.com>
**Sent:** Monday, November 14, 2022 10:38:08 AM
**To:** Daniel Lawrence
**Subject:** Re: Destinie Berard

Good Sir,

Hope all is well and uneventful.

Just wanted to give you an update. The Mass violation was dismissed.

Long story short, the Complaining officer was on maternity leave / unavailable, and they never sent an officer to the hearing. Needless to say I was a bit disappointed. I got the run around from both the PD and the court with fingers pointing back and forth. Best part is no appeal is possible and the decision is not public record for me to request. I starting asking questions and was advised to not push the issue.

Assuming she hasn't or won't turn herself in, will the NH warrant remain indefinitely on file, or will a request for NCIC (extradition)be made after a period of time?

I ask after running into one of her former close friends two days ago. They are no longer on speaking terms due to Destinies manic actions and repeated attempts to manipulate the mutual friends present on the day of the violation. She described Destinie as clearly obsessed unwilling to move on despite the 4 years since the relationship ended and issuance of the original protection order. She just won't let it all go.

I'm not worried either way with how the life of the warrant plays out, I ask more out of curiosity.

Be good,

Patrick


> On Sep 25, 2022, at 7:13 PM, Daniel Lawrence <dlawrence@seabrookpd.com> wrote:
>
> Yes, it is.
>
> Daniel J Lawrence
> Detective Sergeant
> Seabrook Police Department
> 7 Liberty Lane
> Seabrook, NH 03874
> Office Ph# 603-474-5200
> Cell# 603-493-4493
> Fax# 603-468-1999(Detective's only Fax)
> dlawrence@seabrookpd.com
>
>> On Sep 25, 2022, at 7:12 PM, Patrick Szymkowski <pszymkowski1@gmail.com> wrote:
>>
>> Only if that is something routinely done, I would appreciate it.
>>
>> -Patrick
>>
>>> On Sep 25, 2022, at 6:13 PM, Daniel Lawrence <dlawrence@seabrookpd.com> wrote:
>>>
>>> Thank you for the information. I'll make sure they have Seabrook's report, prior to the PC hearing?
>>>
>>> Daniel J Lawrence
>>> Detective Sergeant
>>> Seabrook Police Department
>>> 7 Liberty Lane

Seabrook, NH 03874
Office Ph# 603-474-5200
Cell# 603-493-4493
Fax# 603-468-1999(Detective's only Fax)
dlawrence@seabrookpd.com

> On Sep 25, 2022, at 5:37 PM, Patrick Szymkowski <pszymkowski1@gmail.com> wrote:
>
> Hello good sir,
>
> I learned some information regarding her Massachusetts charge. The matter was transferred down to Peabody District Court for a probable cause hearing scheduled for September 28th.
>
> Hopefully the Newburyport police report mentions something of the pending New Hampshire charge, prompting inquiry by the clerk magistrate to turn herself in to Seabrook.
>
> Regards,
> Patrick Szymkowski



7 Liberty Lane
Seabrook, NH 03874
P. (603) 474-5200
F. (603) 468-1999
http://www.seabrookpd.com

# Seabrook Police Department
## Criminal Investigations Division



| To: | Jen | From: | Detective Sgt. Dan Lawrence |
|---|---|---|---|
| Fax: | 978-531-8524 | Pages: | 1 (including this page) |
| Phone: | 978-532-3100 | Date: | 09/27/2022 |
| Re: | Destinie Berard (DOB ) | cc: | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

• Comments:

Jen,

- Here is the report that I spoke to you earlier about.

- The Seabrook Police Department would like the Massachusetts DA's Office aware of the open arrest warrant. We have attempted numerous times to contact the defendant to have her turn herself in, however, we have received no communication from the defendant.

- If you would like this report emailed, as opposed to faxed, please let me know, either by calling me on my direct line @ 603-319-5265, cell #603-4493 or my email address at dlawrence@seabrookpd.com.

Thanks,

Dan

Detective Sergeant Daniel J Lawrence
Seabrook Police Department
7 Liberty Lane
Seabrook, NH 03874
Office: 603-474-5200
Cell: 603-493-4493
Email: dlawrence@seabrookpd.com



# Salisbury Police Department

Thomas W. Fowler, *Chief of Police*

181 Beach Road, Salisbury, Massachusetts 01952 • 978-465-3121 • www.salisburypolice.com

May 23, 2018

Officer Patrick Szymkowski
181 Beach Road
Salisbury, MA 01952

Dear Officer Szymkowski,

      This department has initiated an internal investigation into allegations concerning your behavior documented in Georgetown incident report 18-147-OF, which is attached, involving ▇▇▇▇▇▇▇▇▇ This report was filed on April 13, 2018 at the Georgetown Police Department. While this investigation is being carried out I am taking the following actions concerning your status.

      You are hereby advised that upon service of this notice you are being placed on paid administrative leave status until I have notified you that the investigation is completed or I have rendered a decision of whether to recommend discipline up to and including termination of your employment with the Town of Salisbury.

      During the time that you are on paid administrative leave you are not authorized to exercise any police powers, nor are you authorized to act in any manner thereof, in the capacity of a police officer. While on paid administrative leave you are not authorized to enter the confines of the Salisbury Police Station unless accompanied by the Officer in Charge. You are restricted from accessing any departmental computer, report, document or file.

      Upon receipt of this notice you are to immediately return your department firearms badges and Commonwealth of Massachusetts police ID to Lieutenant King or his designee.

      Additionally, you are ordered to have no contact with ▇▇▇▇▇▇▇▇▇▇▇▇ date of birth ▇▇▇▇ who resides at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This order of no contact includes all forms of electronic communications as well as going to the abovementioned address.

      Thank you for your attention.

Very truly yours,

*Thomas W. Fowler*

Thomas W. Fowler
Chief of Police

Cc: Neil Harrington, Town Manger
IA file



# Salisbury Police Department

Thomas W. Fowler, *Chief of Police*

181 Beach Road, Salisbury, Massachusetts 01952 • 978-465-3121 • www.salisburypolice.com

May 24, 2018

Officer Patrick Szymkowski
181 Beach Road
Salisbury, MA 01952

Dear Officer Szymkowski:

    This department initiated an internal investigation into allegations concerning your behavior documented in Georgetown incident report 18-147-OF. During this investigation you were placed on paid administrative leave effective May 23, 2018.

    The investigation portion of this process has been completed with your interview by myself and Lieutenant King on this date. The investigation did not disclose any compelling reasons for you to remain on paid administrative leave therefore, you are hereby returned to full duty without any restrictions.

    If you have any questions, please don't hesitate to call.

Very truly yours,

Thomas W. Fowler
Chief of Police

Copy: Neil Harrington, Town Manager
       IA file



# Salisbury Police Department

Thomas W. Fowler, *Chief of Police*

181 Beach Road, Salisbury, Massachusetts 01952 • 978-465-3121 • www.salisburypolice.com

May 30, 2018

Officer Patrick Szymkowski
Salisbury Police Department
181 Beach Road
Salisbury, MA 01952

Dear Officer Szymkowski,

The Salisbury Police Department conducted an internal investigation concerning your behavior documented in Georgetown incident report 18-147-OF, involving ▇▇▇▇▇ This report was filed on April 13, 2018 at the Georgetown Police Department.

On or about June 30, 2016 it came to my attention that you were ▇▇▇▇▇
▇▇▇▇▇ It was reported that she went to the Georgetown Police Department asking about her options for a restraining order. That incident was investigated and on June 30, 2016, Lieutenant King conducted a formal, verbal counseling session with you. At that time you assured us that you would conduct yourself in a more ethical manner both on and off duty.

On April 13, 2018 ▇▇▇▇▇ again went to the Georgetown Police Department inquiring about her options for a restraining order. As soon as I became aware of this incident and the fact that you were ▇▇▇▇▇ you were placed on paid administrative leave. That was on Wednesday May 23, 2018.

On Thursday May 24, 2018 a fact finding meeting was conducted in my conference room. Present at that meeting were you, Lieutenant King and myself. During that meeting it was determined that you ▇▇▇▇▇

Page 1 of 3

███████████ was counselled in 2016 about this behavior. Additionally, you stated that you thought ███████████ may have gone to the Georgetown Police Department yet you failed to notify me or Lieutenant King.

I have concluded that you have violated the Department's Rules of Conduct Policy (DISC-1). Additionally, you violated the Department's Domestic Violence & Criminal Harassment Policy (VWA-2) for not reporting that you may have been subject of a police investigation in Georgetown. These charges have been sustained and supported by sufficient evidence.

On Tuesday May 29, 2018 we met again in my conference room with Lieutenant King to discuss a resolution to the abovementioned policy violations. You were offered and accepted the following resolution to this matter.

As of the signing of this agreement, you will be suspended from police duty for two (2) days. This suspension will be held in abeyance for a period of two (2) years. You will conduct yourself in a manner as to reflect most favorably on the Department.

If you are found in violation of these same policies in the future, I may, in my discretion, recommend to the Town Manager that your employment with the Town be terminated. Further, keep in mind that any future violations of department rules and regulations will result in discipline, up to and including further suspension without pay or termination of employment.

After the two (2) year period, and if no other similar policy violations arise, the two (2) day suspension will be reduced to a written reprimand.

A copy of this letter will be placed in your personnel file. I want to thank you for your honesty and candor during this process.

Very Truly Yours,

Thomas W. Fowler
Chief of Police

Agreed to on: _May 31, 2018_
                   Date

Officer Patrick Szymkowski

Copies:    Neil Harrington, Town Manager
           NEPBA Local 15
           Personnel File



# Salisbury Police Department

Thomas W. Fowler, *Chief of Police*

181 Beach Road, Salisbury, Massachusetts 01952 • 978-465-3121 • www.salisburypolice.com

June 6, 2018

Officer Patrick Szymkowski
Salisbury Police Department
181 Beach Road
Salisbury, MA 01952

Dear Officer Szymkowski,

    The Salisbury Police Department conducted an internal investigation concerning your behavior documented in Georgetown incident report 18-147-OF, involving ▮▮▮▮▮▮. This report was filed on April 13, 2018 at the Georgetown Police Department.

    On Tuesday May 29, 2018 we met in my conference room with Lieutenant King to discuss a resolution to the abovementioned matter. You were offered and accepted the following resolution to this matter. You will be suspended from police duty for two (2) days. This suspension will be held in abeyance for a period of two (2) years. You will conduct yourself in a manner as to reflect most favorably on the Department. It was also agreed that if there were any similar violations in the future the suspension would be served and there may be additional discipline administered.

    On May 30, 2018 I received an email from ▮▮▮▮▮▮ that included three (3) Salisbury Police mug shots and a photo of evidence seized in a civil marijuana case. She claimed that they were forwarded to her by you in late 2014.

    On Tuesday June 5, 2018 we met in my conference room with Lieutenant King to discuss this newly disclosed information. You admitted that you sent ▮▮▮▮▮▮ the photos and admitted it was extremely poor judgement. You also assured us there were no other similar photos that were sent to her.

The disclosure of these photos to a civilian who has no association with the Salisbury Police Department is a gross violation of department policy. Specifically, it violated the Department Code of Conduct and Responsibility Policy (DISC-1). More specifically, Section G. Public Statements, subsection 4. Dissemination of Official Information section a. which states:

*"Employees shall treat as confidential that information which is confided to them personally in the course of their official duties. They shall disclose such information only as required in the proper performance of their duties"*

Additionally section b:

*"Employees shall neither disclose nor use for their personal interest any confidential information acquired by them in the course of their official duties."*

Also section c:

*"Employees shall treat as confidential all matters relating to investigations, internal affairs, and personnel."*

You are hereby charged with violating the abovementioned policies. These charges have been **sustained and supported by sufficient evidence.**

As a result of these charges and in accordance to the resolution agreement dated May 30, 2018 you are hereby suspended without pay from duty from **Monday June 18, 2018 to Tuesday June 19, 2018.** During this time you may not represent yourself or act as a police officer in any capacity and you will not be eligible for any overtime or detail work.

If you are found in violation of these same policies in the future, I may, in my discretion, recommend to the Town Manager that your employment with the Town be terminated. Further,

keep in mind that any future violations of department rules and regulations will result in discipline, up to and including further suspension without pay or termination of employment.

A copy of this letter will be placed in your personnel file. I want to thank you for your honesty and candor during this process.

Very Truly Yours,

Thomas W. Fowler
Chief of Police

Copies:   Neil Harrington, Town Manager
          NEPBA Local 15
          Personnel File