

## The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Public Records Division

Manza Arthur
*Supervisor of Records*

May 20, 2024
**SPR24/1359**

Richard J. Siemasko, Esq.
Senior Lieutenant
Newburyport Police Department
4 Green Street
Newburyport, MA 01950

Dear Lieutenant Siemasko:

    I have received the petition of Patrick Szymkowski appealing the response of the Newburyport Police Department (Department) to a request for public records. See G. L. c. 66, § 10A; see also 950 C.M.R. 32.08(1). On April 17, 2024, Mr. Szymkowski requested:

> [A]ny and all records related to [a specified] incident report, to include:
> 1. Later filed arrest report
> 2. In-house records related to the final disposition following the
> clerk's hearing held at Peabody District Court[.]

    The Department responded on April 18, 2024, and again on May 3, 2024, providing some records, and claiming others are exempt from disclosure under the Criminal Offender Record Information (CORI) Act, as it operates through Exemption (a), and Exemption (c) of the Public Records Law. See G. L. c. 4, § 7(26)(a), (c). Unsatisfied with the Department's responses, Mr. Szymkowski appealed, and this case was opened as a result.

### *Status of the Requestor*

    Please note that the reason for which a requestor seeks access to or a copy of a public record does not afford any greater right of access to the requested information than other persons in the general public. The Public Records Law does not distinguish between requestors. Access to a record pursuant to the Public Records Law rests on the content of the record and not the circumstances of the requestor. See Bougas v. Chief of Police of Lexington, 371 Mass. 59, 64 (1976). Accordingly, Mr. Szymkowski's status as a person named in the report will play no role in a determination as to whether the records should be disclosed or redacted under the Public Records Law.

---

One Ashburton Place, Room 1719, Boston, Massachusetts 02108 • (617) 727-2832 • Fax: (617) 727-5914
sec.state.ma.us/pre • pre@sec.state.ma.us

Richard J. Siemasko, Esq.                                              SPR24/1359
Page 2
May 20, 2024

## *The Public Records Law*

The Public Records Law strongly favors disclosure by creating a presumption that all governmental records are public records. G. L. c. 66, § 10A(d); 950 C.M.R. 32.03(4). "Public records" is broadly defined to include all documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any agency or municipality of the Commonwealth, unless falling within a statutory exemption. G. L. c. 4, § 7(26).

It is the burden of the records custodian to demonstrate the application of an exemption in order to withhold a requested record. G. L. c. 66, § 10(b)(iv); 950 C.M.R. 32.06(3); see also Dist. Attorney for the Norfolk Dist. v. Flatley, 419 Mass. 507, 511 (1995) (custodian has the burden of establishing the applicability of an exemption). To meet the specificity requirement a custodian must not only cite an exemption, but must also state why the exemption applies to the withheld or redacted portion of the responsive record.

If there are any fees associated with a response, a written good faith estimate must be provided. G. L. c. 66, § 10(b)(viii); see also 950 C.M.R. 32.07(2). Once fees are paid, a records custodian must provide the responsive records.

## *The Department's April 18th and May 3rd Responses*

In its April 18, 2024 response, the Department cites Exemption (a), CORI, and Exemption (c) of the Public Records Law for withholding responsive records. See G. L. c. 4, § 7(26)(a), (c). In a further response on May 3, 2024, the Department provided "the dispatch log entry" and a "handwritten statement," but indicated it was withholding "the police narrative" portion of the report pursuant to the Exemptions cited in its April 18th response.

*Exemption (a)*

Exemption (a), known as the statutory exemption, permits the withholding of records that are:

specifically or by necessary implication exempted from disclosure by statute

G. L. c. 4, § 7(26)(a).

A governmental entity may use the statutory exemption as a basis for withholding requested materials where the language of the exempting statute relied upon expressly or necessarily implies that the public's right to inspect records under the Public Records Law is restricted. See Att'y Gen. v. Collector of Lynn, 377 Mass. 151, 54 (1979); Ottaway Newspapers, Inc. v. Appeals Court, 372 Mass. 539, 545-46 (1977).

This exemption creates two categories of exempt records. The first category includes records that are specifically exempt from disclosure by statute. Such statutes expressly state that

Richard J. Siemasko, Esq.                                           SPR24/1359
Page 3
May 20, 2024

such a record either "shall not be a public record," "shall be kept confidential" or "shall not be subject to the disclosure provision of the Public Records Law."

The second category under the exemption includes records deemed exempt under statute by necessary implication. Such statutes expressly limit the dissemination of particular records to a defined group of individuals or entities. A statute is not a basis for exemption if it merely lists individuals or entities to whom the records are to be provided; the statute must expressly limit access to the listed individuals or entities.

*Criminal Offender Record Information (CORI)*

The current definition of CORI is as follows:

"Criminal offender record information," records and data in any communicable form compiled by a Massachusetts criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, previous hearings conducted pursuant to section 58A of chapter 276 where the defendant was detained prior to trial or released with conditions under subsection (2) of section 58A of chapter 276, sentencing, incarceration, rehabilitation, or release. Such information shall be restricted to information recorded in criminal proceedings that are not dismissed before arraignment. Criminal offender record information shall not include evaluative information, statistical and analytical reports and files in which individuals are not directly or indirectly identifiable, or intelligence information. Criminal offender record information shall be limited to information concerning persons who have attained the age of 18 and shall not include any information concerning criminal offenses or acts of delinquency committed by any person before he attained the age of 18; provided, however, that if a person under the age of 18 was adjudicated as an adult in superior court or adjudicated as an adult after transfer of a case from a juvenile session to another trial court department, information relating to such criminal offense shall be criminal offender record information. Criminal offender record information shall not include information concerning any offenses which are not punishable by incarceration.

G. L. c. 6, § 167.

Additionally, G. L. c. 6, § 172(m) provides in pertinent part:

Notwithstanding this section or chapter 66A, the following shall be public records: (1) police daily logs, arrest registers, or other similar records compiled chronologically; (2) chronologically maintained court records of public judicial proceedings; (3) published records of public court or administrative proceedings, and of public judicial administrative or legislative proceedings; and (4) decisions of the parole board as provided in section 130 of chapter 127.

Richard J. Siemasko, Esq.   SPR24/1359
Page 4
May 20, 2024

G. L. c. 6, § 172(m).

Under Exemption (a) and CORI, the Department argues that "[r]eports that contain CORI information cannot be released, pursuant to 803 CMR 223 & 803 CMR 5.14."

Based on the Department's response, it is unclear how the responsive record may be withheld under Exemption (a) and CORI. Specifically, it is not clear how the withheld record constitutes "information recorded in criminal proceedings that are not dismissed before arraignment." See G. L. c. 6, § 167. The Department must clarify this.

*Exemption (c)*

Exemption (c) applies to:

personnel and medical files or information and any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy; provided, however, that this subclause shall not apply to records related to a law enforcement misconduct investigation

G. L. c. 4, § 7(26)(c).

Analysis under Exemption (c) is subjective in nature and requires a balancing of the public's right to know against the relevant privacy interests at stake. Torres v. Att'y Gen., 391 Mass. 1, 9 (1984); Att'y Gen. v. Assistant Comm'r of Real Prop. Dep't, 380 Mass. 623, 625 (1980). Therefore, determinations must be made on a case-by-case basis.

This exemption does not protect all data relating to specifically named individuals. Rather, there are factors to consider when assessing the weight of the privacy interest at stake: (1) whether disclosure would result in personal embarrassment to an individual of normal sensibilities; (2) whether the materials sought contain intimate details of a highly personal nature; and (3) whether the same information is available from other sources. See People for the Ethical Treatment of Animals (PETA) v. Dep't of Agric. Res., 477 Mass. 280, 292 (2017).

When analyzing a privacy claim, there is a balancing test which provides that where the public interest in obtaining the requested information substantially outweighs the seriousness of any invasion of privacy, the private interest in preventing disclosure must yield. PETA, 477 Mass. at 291. The public has a recognized interest in knowing whether public servants are carrying out their duties in a law abiding and efficient manner. Id. at 292.

In its response, under Exemption (c), the Department argues that "Exception C to the Public Records Law, Disclosure of this record relating to a named individual may constitute an unwarranted invasion of personnel privacy. This record could not possibly be redacted in a manner to avoid identification of such individual."

Richard J. Siemasko, Esq.                                              SPR24/1359
Page 5
May 20, 2024

      Based on the Department's response, it is unclear how the responsive record constitutes intimate details of a highly personal nature nor how disclosure would result in personal embarrassment to an individual of normal sensibilities. It is additionally uncertain whether any of the withheld information is available from other sources. PETA, 477 Mass. at 292. Also, the Department did not provide additional information with respect to the balancing test, which examines whether the public interest in obtaining the requested information outweighs the seriousness of any invasion of privacy. The Department must clarify these matters.

*Conclusion*

      Accordingly, the Department is ordered to provide Mr. Szymkowski with a response to the request, provided in a manner consistent with this order, the Public Records Law and its Regulations within ten (10) business days. A copy of any such response must be provided to this office. It is preferable to send an electronic copy of the response to this office at pre@sec.state.ma.us.

                                       Sincerely,

                                         Manza Arthur
                                         Supervisor of Records

cc: Patrick Szymkowski