**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Dana Albrecht</u>

    v.                                                 Case No. 25-cv-93-SM-AJ

<u>Hon. John Pendleton, et al.</u>

### **REPORT AND RECOMMENDATION**

Plaintiff Dana Albrecht, who is representing himself in this matter, filed a complaint (Doc. No. 1) against numerous defendants, including several New Hampshire judges and court officials as well as state officials and police officers in the towns of Seabrook, New Hampshire and Salisbury, Massachusetts. The complaint is before the undersigned Magistrate Judge for preliminary review, pursuant to LR 4.3(d)(3), to determine whether the Complaint properly invokes the subject matter jurisdiction of the Court.

### **Preliminary Review Standard**

The court conducts a preliminary review of complaints filed by pro se litigants who have paid the filing fee to determine whether the complaint properly invokes the Court's subject matter jurisdiction. <u>See</u> LR 4.3(d)(2).In conducting this review, the court construes the pleading liberally. <u>See</u> <u>Erickson v. Pardus,</u> 551 U.S. 89, 94 (2007) (per curiam). The court also accepts as true all well-pled factual allegations in a

plaintiff's complaint and indulges all reasonable inferences in plaintiff's favor. Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012). The Court may dismiss claims, sua sponte, if it finds that it does not have subject matter jurisdiction over the claims. See LR 4.3(d)(2); Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth., 4 F.4th 63, 71 (1st Cir. 2021).

## Factual Allegations

This case stems from a criminal case in New Hampshire Circuit Court brought against a non-party to this suit, Destinie Berard, a Massachusetts resident. According to the complaint, Berard was physically abused in 2018 by defendant Patrick Szymkowski, a Salisbury, Massachusetts patrol officer. Szymkowski then sought and received a domestic violence protective order against Berard in New Hampshire, after being denied similar relief in Massachusetts. Mr. Albrecht claims that the order was based on Szymkowski's false testimony, aided by members of the Seabrook Police Department. He further alleges that, in 2022, New Hampshire authorities – including prosecutors and the New Hampshire Attorney General – prosecuted Berard for violating the protective order in order to intimidate Berard.

Subsequent to these events, in March 2024, Seabrook Police Officer Kaminski, also a defendant, arrested Berard during a routine traffic stop. She was held for three days without access

2

to counsel. Mr. Albrecht further states that Berard's arrest was based on an insufficiently-supported warrant, traceable back to the allegedly fraudulently obtained restraining order. The complaint further alleges that Ms. Berard was forced to go to trial without counsel. The presiding judge, defendant Pendleton, twice denied Ms. Berard's motions to continue, and denied a third such motion in November 2024, after trial had already begun.  At that point, invoking N.H. Rev. Stat. Ann. § 311:1,[1] Mr. Albrecht, a non-lawyer, began representing Ms. Berard.

 Mr. Albrecht alleges that the defendants' actions, individually and jointly, violated Ms. Berard's rights under the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution.

## Discussion

As an initial matter, the court must address whether Mr. Albrecht has standing to assert the claims in the complaint. The Constitution limits federal courts to deciding "cases or controversies." See U.S. Const. art. III § 2;  "One essential

---

[1] Pursuant to N.H. Rev. Stat. Ann § 311:1:

> A party in any cause or proceeding may appear, plead, prosecute or defend in his or her proper person, that is, pro se, or may be represented by any citizen of good character. For the purposes of this section, a citizen shall be presumed to be of good character unless demonstrated otherwise.

3

aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." Hollingsworth v. Perry, 570 U.S. 693, 704 (2013).

"Under Article III of the Constitution, a plaintiff needs a 'personal stake' in the case" to have standing to sue. Biden v. Nebraska, 143 S. Ct. 2355, 2365 (2023) (quoting TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021)). More specifically, "the plaintiff must have suffered an injury in fact — a concrete and imminent harm to a legally protected interest, like property or money — that is fairly traceable to the challenged conduct and that is likely to be redressed by the lawsuit." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). In addition to these constitutional considerations, prudential limitations "prevent courts from "adjudicating 'questions of broad social import where no individual rights would be vindicated and . . . limit access to the federal courts to those litigants best suited to assert a particular claim.'" Conservation Law Found. of New England, Inc., 950 F.2d 38, 41 (1st Cir. 1991) (alterations in original) (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985)).

Although "[a]n inquiry into standing must be based on the facts as they existed when the action was commenced," Ramírez v. Sánchez Ramos, 438 F.3d 92, 97 (1st Cir. 2006), "a person

4

exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." Webb v. Injured Workers Pharm., LLC, 72 F.4th 365, 372 (1st Cir. 2023) (quoting TransUnion, 141 S. Ct. at 2210). The injury, however, must be "concrete and particularized" and "not conjectural or hypothetical." Lujan, 504 U.S. at 560.

"[S]tanding is a prerequisite to a federal court's subject matter jurisdiction. Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016). "Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but rather, must appraise their own authority to hear and determine particular cases." Watchtower Bible & Tract Soc. of N.Y., Inc. v. Colombani, 712 F.3d 6, 10 (1st Cir. 2013); accord United States v. Rivera-Rodríguez, 75 F.4th 1, 13 (1st Cir. 2023). The party who asserts jurisdiction bears the burden of demonstrating that it exists. Woo v. Spackman, 988 F.3d 47, 53 (1st Cir. 2021).

Even construing the complaint liberally, as the court must do, Mr. Albrecht fails to allege that he suffered, or is in danger of suffering, any legally-cognizable injury. Instead, he is seeking solely to vindicate the rights of Ms. Berard or, perhaps, those of society at large, in seeing that Ms. Berard's

5

criminal proceedings are conducted in accordance with the Constitution. Indeed, nearly all of the requested declaratory relief is for the benefit of Ms. Berard. See e.g., Compl. (Doc. No. 1) at 41;  Req. A (" . . . [d]efendants  violated the indigent defendant's . . . rights"); Req. B (" . . . the indigent defendant's prosecution . . . is unconstitutional). The only reference to Mr. Albrecht's rights is the request for a declaration that Judge Pendleton's scheduling orders . . . depriv[e] Plaintiff and the indigent defendant of fair notice in violation of the  . . . Fourteenth Amendment." Id. at 42; Req. F. Requests for injunctive and equitable relief are no different.

   Mr. Albrecht's complaint anticipates the standing inquiry, as it contains arguments and allegations directly addressing the issue. Mr. Albrecht first asserts that he has standing because he was "forced to provide legal representation . . . exposing him to potential liability."  The allegations in the complaint, however, do not support his claim of being "forced" into representing Ms. Berard. See Compl. (Doc No. 1) ¶ 67 ("As a last resort, Plaintiff Dana Albrecht - acting under N.H. Rev. Stat. § 311:1 essentially as a "good Samaritan" - entered an emergency appearance to prevent a fundamentally unfair proceeding . . . ."); id. ¶ 76 ("Plaintiff does not seek to act as trial counsel

6

and has no intention of representing the indigent defendant at trial *again,* after having already represented the indigent defendant through one of her multiple trials.") (emphasis in original).

Next, Mr. Albrecht's claim of third-party standing id. ¶ 127, is also unavailing. This argument is first premised on Mr. Albrecht's assertion of being "forced" to represent Ms. Berard, which, as described above, is belied by the facts alleged in the complaint. Next, the court acknowledges that Mr. Albrecht correctly cites the Supreme Court's requirements to establish third party standing. See id. ¶ 127 (alleging that Ms. Berard "lacks the ability to adequately protect her rights within the existing state court system" [and] that [Mr. Albrecht] "has a close relationship" with Ms. Berard, based on his representation of her in state court) (citing Kowalski v. Tesmer, 543 U.S. 125 (2004) (finding that third-party standing exists where there is a close relationship and a substantial barrier to direct assertion of rights)).  But, as especially relevant here, the Tesmer court also noted that it had previously rejected an attorney's attempt to adjudicate the rights of a client under a theory of third-party standing. Id. at 130 (citing Conn v. Gabbert, 526 U.S. 286, 292–293 (1999)). The same result applies here.

7

Ultimately, there is no plausible reading of the complaint that suggests that Mr. Albrecht is claiming that he has "suffered the personal injury necessary to have standing before this court." Miller v. Roberge, No. CIV. 08-CV-00293-JL, 2008 WL 4276561, at *3 (D.N.H. Sept. 12, 2008).[2] Accordingly, the court lacks subject matter jurisdiction, and this case must be dismissed.[3]

## Conclusion

Based on the foregoing, the district judge should dismiss this case based on lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

---

[2] Mr. Albrecht's claim of injury based on Judge Pendleton's scheduling orders are insufficient to create standing. As with Mr. Albrecht's other claims, any Constitutional infirmity only worked to the detriment of Ms. Berard.

[3] The court also notes that a non-lawyer may only represent himself in federal court. See 28 U.S.C. § 1654; LR 83.2(d) ("Persons who are not members of the bar ... will be allowed to appear before this court only on their own behalf." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel," and not through "third-party lay representation.").

Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                                 _____
                                                 Andrea K. Johnstone
                                                 United States Magistrate Judge

April 8, 2025

cc:   Dana Albrecht, pro se
      Counsel of Record

9